**Exhibit 1**

IN THE COURT OF COMMON PLEAS
OF LACKWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Nicholas Linko
*757 Lake Spangenber Road*
Lake Ariel, PA 18436

                Plaintiff

**Vs.**

*Capital One Financial Corporation*
1680 Capital One Dr.
McLean, VA 22102
and
Capital One Bank (USA)
6124 188th St
Fresh Meadows, NY 11365-2713

                Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:

2011- CV 3072

Jury Trial Demanded

*(stamp)* 2011 SEP 29 P 1:17
CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

## NOTICE TO DEFEND

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the g claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton, PA 18503
Phone: (570) 342-0184 (800) 982-4387
Fax: (570) 342-4301



RECEIVED
OCT 0.5 2011
By

IN THE COURT OF COMMON PLEAS
OF LACKWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Nicholas Linko
757 Lake Spangenber Road
Lake Ariel, PA 18436

               Plaintiff

**Vs.**

Capital One Financial Corporation
1680 Capital One Dr.
McLean, VA 22102
and
Capital One Bank (USA)
6124 188th St
Fresh Meadows, NY 11365-2713

               Defendants

2011- CV 3072

Jury Trial Demanded

## COMPLAINT

1.    This is an action brought by a consumer for Defendant(s) alleged violations of the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq.

2.    Plaintiff is Nicholas Linko, an adult individual whose principle residence is located at 757 Lake Spangenber Road, Lake Ariel, PA 18436.

3.    Defendant(s) are the following.

    a.  Capital One Financial Corporation, 1680 Capital One Drive, McLean, VA 22102.

    b.  Capital One Bank (USA), 6124 188th Street, Fresh Meadows, NY 11365-2713.

    c.  X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## JURISDICTION AND VENUE

4.     The previous paragraphs of this complaint are incorporated by reference and All

previous paragraphs of this complaint are incorporated by reference and made a part

of this complaint

5.     Defendant(s) regularly transact(s) business throughout the Commonwealth of

Pennsylvania, and in this jurisdiction.

6.     Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

7.     A substantial portion of the conduct complained of occurred in this jurisdiction.

## COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 USC 1681 s-2 et seq.; Specifically 15 USC 1681 s-2 (b) et. seq.

8.    The previous paragraphs of this complaint are incorporated by reference and made a

part hereof.

9.    Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

10.    Defendant is  an entity who, regularly and in the course of business, furnishes

information to one or more credit reporting agencies about Defendants(s) transactions

or experiences with any consumer and Defendant is a "furnisher," as codified at 15

U.S.C. § 1681s-2.

11.    Defendant furnished certain derogatory information about Plaintiff's consumer

account to one or more of the relevant credit reporting agencies as defined by FCRA.

12.    Plaintiff disputed the alleged account(s) in writing with Defendant(s) in writing for a

number of meritorious reasons.  Plaintiff's dispute called into question issues

including but not limited to the following.

      a.    The amount of the alleged high balance for the account.
      b.    Interest.
      c.    Finance charges
      d.    Other fees
      e.    The existence or non-existence of a contract which justified the alleged
high balance, interest, finance charges and other fees.

13.    Plaintiff's disputes with Defendant were in writing.  See attached exhibits.

14.    Plaintiff did not dispute the existence of the account, nor did Plaintiff dispute that
Plaintiff was the person to whom such account belonged.  But rather, Plaintiff
disputed the amount of the balance, interest, finance charges and other fees.  See
attached exhibits.

15.    Plaintiff's disputes with Defendant were bona fide legitimate disputes.

16.    Defendant(s) received Plaintiff's disputes concerning the alleged account(s).  See
attached exhibits.

17.    Defendant(s) chose to disregard Plaintiff's disputes, and allowed the information
pertaining to the disputed account to remain virtually the same on Plaintiff's credit
report.

18.    Plaintiff then disputed the alleged account(s) in writing with relevant credit bureaus.
See attached exhibits.

19.    One or more of the relevant credit reporting agency(ies) then conducted an
investigation where Defendant was contacted.  See attached exhibits.

20.    Defendant verified the alleged account(s) with one or more of the credit reporting
agency(ies).  See attached exhibits.

21.   At the time that Defendant(s) verified the alleged account(s) with the credit reporting agency(ies), Defendant failed to state that the account(s) had been previously disputed by Plaintiff.  See attached exhibits.

22.   The Pursuant to 15 USC 1861 s-2, Defendant(s) had a duty to notify the relevant credit reporting agency(ies) of Plaintiff's prior dispute of the account(s).

23.   The Pursuant to 15 USC 1861 s-2, at the time that Defendant(s) verified the information to the credit reporting agency(ies), Defendant(s) had a duty to report to the credit reporting agency(ies) that the account(s) in question had been previously disputed by Plaintiff.

24.   At the time that Defendant(s) verified the information to the credit reporting agency(ies), Defendant failed to inform the relevant credit reporting agency(ies) that the account had been disputed by Plaintiff.

25.   Defendant failed to fulfill it's duties prescribed by 15 USC 1681 s-2 to inform the credit reporting agency(ies) that Plaintiff had previously disputed the account(s).  See attached exhibits.

26.   Defendant(s) deprived Plaintiff of Plaintiff's right to have the disputed status of the account(s) included on Plaintiff's credit report.

27.    Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's legitimate, bona fide and meritorious disputes was misleading in such a way that such failure can be expected to influence any potential creditor or employer who would happen to review Plaintiff's credit report.  See <u>Saunders v. Branch Banking and Trust Company of Virginia</u>, 526 F 3d 142, 151 (4th Cir. 2008).

28.    Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's disputes fosters a presumption of validity to potential creditors or employers.

29.    The inclusion of the fact that the account(s) had previously been disputed by Plaintiff would likely help to negate such a presumption.

30.    Any potential creditor or may well be curious as to why Plaintiff did not pay on the account.  A potential creditor or employer may be influenced to learn that the non-paid account was in dispute, thereby possibly warranting Plaintiff's non-payment of the account.

31.    Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's Legitimate, meritorious and bona fide dispute(s) is misleading in such a way that such failure can be expected to have an adverse affect.  See Saunders v. Branch Banking and Trust Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

32.    Upon information and belief, it is averred that Defendant has a standard practice policy which contradicts it's duties pursuant to 15 USC 1681 s-2.

33.    It is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was intentional.

34.    In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to the possibility that Plaintiff may well have been correct in disputing certain aspects of the account information contained on his credit report.

35.    In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on negligent indifference to the possibility that Plaintiff may well have been correct in disputing certain aspects of the account information contained on his credit report.

36.    In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to Defendant(s) duties under 15 USC 1681 s-2.

37.   In the alternative, it is believed and averred that Defendant's failure to comply with

15 USC 1681 s-2 was based on negligent indifference to Defendant(s) duties under 15

USC 1681 s-2.


## PRIVATE CAUSE OF ACTION


38.   The previous paragraphs of this complaint are incorporated by reference.


39.   Plaintiff brings this action under 15 USC 1681 s-2(b), as distinguished from 15 USC

1681s-2(a).


40.   There is no private cause of action under 15 USC 1681s-2(a).  Only the government

can bring a cause of action under 15 USC 11681 s-2(a).  For example, the Attorney

General could bring a claim on behalf of consumers under 15 USC 1681s-2(a).


41.   But there is a private cause of action under 15 USC 1681s-2(b).  See the following

case law which distinguishes between the government right of action under 15 USC

1681s-2(a), and the private cause of action under 15 USC 1681s-2(b):


Marshall v. Swift River Academy, LLC, 2009 WL 1112768
(9th Cir. 2009).
A consumer has no private right of action under FCRA
against furnisher merely because the furnisher failed to
provide accurate information to consumer reporting
agencies.

Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007
WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
In order to prevail on a FCRA claim Plaintiff "must prove
[he] notified a credit reporting agency of the dispute, the
credit reporting agency then notified the furnisher of
information, and the furnisher of information failed to
investigate or rectify the disputed charge.").

Catanzaro v. Experian Information Solutions, Inc., 671 F.
Supp.2d 256, 260 (D. Mass. 2009).
Notification by a consumer reporting agency to the
furnisher is a prerequisite for furnisher liability under
FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3
(M.D. Pa. 2006). The Court dismissed Plaintiff's
Complaint, but only because Plaintiff failed to allege that
he disputed the accuracy of the debt to a credit agency, or
that the credit agency thereafter reported dispute to
defendant.

42.    Because Plaintiff first disputed the account(s) with Defendant(s), and then disputed

the account with the credit reporting agency afterwards, and then Defendant verified

the derogatory information to the Credit Reporting Agency without stating that the

account was in a "disputed" status, Plaintiff does have a private cause of action

against Defendant under these particular circumstances.

## LIABILITY

43.   The previous paragraphs of this complaint are incorporated by reference and made a

part hereof.

44.   At all times various employees and / or agents of Defendant were acting as agents of

Defendant, and therefore Defendant is liable to for the acts committed by its agents

and / or employees under the doctrine of respondeat superior.

45.   At all times various employees and / or agents of Defendant were acting as agents of

Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its

agents and / or employees under the theory of joint and several liability because

Defendant and its agents were engaged in a common business venture and were

acting jointly and in concert.

## DAMAGES

46.    The preceding paragraphs are incorporated by reference and made a part hereof.

47.    Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

48.    Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages under 15 USC 1681 et. seq.

49.    Plaintiff suffered emotional distress, anger and frustration as a result fo Defendant(s) unlawful conduct, with a Dollar value to be proven at trial.

## ATTORNEY FEES

50.   The previous paragraphs of this complaint are incorporated by reference and made a

part of this Complaint.


51.   Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of

$2,450.00  at a rate of $350.00 per hour, described below.

a.   Consultation with client, meetings, review of file.
Drafting of disputes                                              4 hour

b.   Drafting , editing, review,  filing
of compliant and  related documents                      1

c.   Follow up correspondence with Defense            2


                                                          Total = 7      $2,450


52.   Plaintiff's attorney fees continue to accrue as the case moves forward.


## OTHER RELIEF

53.   The previous paragraphs of this Complaint are incorporated by reference.


**54.**   Plaintiff requests an order from this honorable court directing Defendant to report

Plaintiff's account(s)(s) referred to in the attached exhibits as "disputed," in

accordance with 15 USC 1681 s-2, or not to report the account(s) at all.

55.    The previous paragraphs of this Complaint are incorporated by reference.

56.    Plaintiff requests and demands a jury trial in this matter.

57.    Plaintiff requests such other relief as this court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of   $3,451

enumerated as follows.

$1.00 actual damages
$1,000.00 statutory damages,
$2,450 attorney fees

_____

$3,451

Wherefore, Plaintiff seeks declarative relief and in injunction requiring Defendant to comply

with 15 USC 1681 s-2. Plaintiff seeks such other relief as this Court deems fair and just.

*Vicki Piontek*            9-29-2011

Vicki Piontek, Esquire            Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

# EXHIBITS

**Nick Linko**
**757 Lake Spangenberg Road**
**Jefferson Township, PA 18436**
**570-698-9914**

Capital One Bank
P.O. Box 30281
Salt Lake City, UT  84130

Re:      **DISPUTE AND REQUEST FOR INVESTIGATION**
**Nick Linko      SSN:** ▓▓▓▓▓▓
**Partial Account Number 5178 0523 3599....      $1,809**
**Partial Account Number 5178 0526 5264....      $1,005**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account. The balance that your company claims against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

The amount stated on my credit report is excessive and inflated. I request proof of the contract justifying such charges. I also would like proof of the balance and a breakdown of all charges. I have requested the contract proving the alleged debt, but your company has failed to produce it.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties. I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

Please investigate this matter and provide the contract.

Sincerely,

*Nick Linko*                    *1-11-11*
Nick Linko                         Date

2011-01-22 12:53          Nicholas Linko      570->> Fax                                      P 2/2



P.O. Box 30281
Salt Lake City, UT 84130-0281

Z690

Nick Linko                                                                January 18, 2011
757 Lake Spangenberg Road
Jefferson Township, PA 18436

Re: xxxxxxxxxxxx3905
Case #: 10001631310439

Dear Nick Linko,

*Thanks for contacting us about your credit bureau report. We've verified that the information on your credit report matches the information in our records.*

The above referenced account is reporting correctly as charged off with an R9 rating.

We provide information on the status of your account to the credit reporting agencies every month.

If you still believe we've supplied incorrect information to the credit reporting agencies, please send us a copy of any documentation that supports this, such as your credit report. Please mail the information by 02/17/2011 to:

Capital One
P.O. Box 30281
Salt Lake City, UT 84130-0281

Please understand that we can't take further action until we receive this information. Once we receive it, we'll work with the credit reporting agencies to verify the information, and let you know the *outcome within 30 days.*

If you have questions, please call us at 1-800-955-7070. Our Customer Service Representatives are available 24 hours a day, 7 days a week.

Sincerely,

Capital One Services, LLC

PAGE 01 OF 01
© 2011 Capital One. Capital One is a federally registered service mark. All rights reserved.          002919 / QA·   2846/00»

Case 3:11-cv-01221-RPC Document 10/11/11 Page 19 of 22

# EQUIFAX

## CREDIT FILE : August 30, 2011
## Confirmation # 1231026596

Dear Nicholas Linko:

You request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results, and a report of your credit file, as a result of the reinvestigation. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.ai.investigate.equifax.com or by calling a Customer Representative at (888) 651-5344 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

#### Credit Account Information:
For your security, the last 4 digits of account number(s) have been replaced by ('').
This section includes a open and closed accounts reported by credit grantors.

**Descriptions**

**Status Code**

**Account History:**

| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

> **We have researched the credit account. Account # - 517805265264 *. The results are:** This creditor has verified to Equifax that the current status is being reported correctly. The prior paying history on this account has been updated. The high credit/credit limit on this account has been updated. Additional information has been provided from another source regarding this item. If you have additional questions about this item please contact: *Capital One*.

| Company Name | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Reviewed | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 51780528526A* | 05/2006 | $500 | | | Monthly | 61 | | |
| Capital One Bank USA Na | PO Box 30281, Salt Lake City UT 84130-0281 | | | | | | | |

| Account Number | Date of Last Payment | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date MA Del 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|
| $1,005 Balance Amount | 01/2009 | $0 | 02/2009 | 09/2009 | 09/2009 | $1,005 | | $0 | | |

**Status Codes**

| Date Open | High Credit | 4 mo. Actual Payment Amount | | | | | |
|---|---|---|---|---|---|---|---|
| 05/2006 | $0 | $1,005 | | | | | |

**Account History**

| 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 | 04/2009 |
|---|---|---|---|---|---|
| L | 5 | 4 | 3 | 2 | 1 |

Credit Grantor: Credit Card.

**ITEMS** - Charge Off: Type of Account - Revolving: Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Account Closed By Credit Grantor; Credit Card;

( Continued On Next Page )

1231026596IU2-001028543- 980 - 5515 - AS

Nicholas Linko
757 Lake Spangenberg Rd
Jefferson Township, PA 18436-9003

001028543-980

P. O. Box 105518
Atlanta, GA 30348

2011-09-07 19:01    Nicholas Linko    570->> Fax    P 1/2

>>> **We have researched the credit account. Account # - 6330?*** **The results are:** This creditor has verified to Equifax that the balance is being reported correctly. This creditor has verified to Equifax that the prior paying history is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item

Please contact: **Firestone, PO Box 81307, BK 14, Cleveland OH 44181-0307**

**Credit First** : Attn: Paul Binder, PO Box 81307, Cleveland OH 44181-0307

| Account Number 9330? | | Date Opened 08/2006 | | High Credit $0 | Credit Limit $0 | Terms Duration | Terms Frequency Monthly | Monthly Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|
| Date Reported 5/06/11 | Balance $1,152 | Amount Past Due $1,152 | Date of Last Payment 02/2008 | As of Date | Payment Amount $46 | Date of Delinquency 04/2008 | Date of Last Activity 09/2009 | Charge Off Amount $1,158 | Deferred Pay Start Date | Balloon Pay Amount $0 | Balloon Pay Date | Date Closed |

total - Charge Off; Type of Account - Revolving; Type of Loan - Charge Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Charge;

**count History**

Count Status Codes

| 08/2008 | 02/2008 | 07/2008 | 08/2008 | 05/2009 | 04/2009 | |
|---|---|---|---|---|---|---|
| L | 5 | 4 | 3 | 2 | 1 | |

>> **We have researched the credit account. Account # - 517806233599*** **The results are:** The high credit/credit limit on this account has been updated. This creditor has verified to Equifax that the prior paying history is being reported correctly. This creditor has verified to Equifax that the current status is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact:

**Capital One, PO Box 30281, Salt Lake City UT 84130-0281**

**Capital One Bank USA NA** : PO Box 30281, Salt Lake City UT 84130-0281

| Account Number 7685233599* | | Date Opened 02/2003 | | High Cred $0 | Credit Limit $1,200 | Terms Duration | Terms Frequency Monthly | Months Revd 99 | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|
| Date Reported 1/2/11 | Balance $1,809 | Amount Past Due $1,809 | Date of Last Payment 01/2008 | Actual Payment Amount $0 | Scheduled Payment Amount $0 | Date of 1st Delinquency 02/2008 | Date of Last Activity 09/2009 | Charge Off 1st Report $1,710 | Deferred Pay Start Date | Balloon Pay Amount $0 | Balloon Pay Date | Date Closed |

atus - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Account

rified By Credit Grantor; Credit Card;

**count History**

count Status Codes

| 03/2006 | 07/2008 | 08/2006 | 08/2008 | 04/2008 | 09/2008 | |
|---|---|---|---|---|---|---|
| L | 6 | 4 | 3 | 2 | 1 | |

---

## Notice to Consumers

...u may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of
s furnisher of information contacted, and if reasonably available the telephone number.

...he reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the
...ormation; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of
...ur dispute.

...he reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to
...quest that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for
...lifornia, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

1251 0285596/UZ-001028545- 980 - 5515 - AS

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Nicholas Linko
757 Lake Spangenber Road
Lake Ariel, PA 18436
                                    Plaintiff              :
                                                           :
Vs.                                                        :
Capital One Financial Corporation                          :
1680 Capital One Dr.                                       :
McLean, VA 22102                                           :
and                                                        :
6124 188th St                                              :
Fresh Meadows, NY 11365-2713                               :      Jury Trial Demanded
                                    Defendants             :


## Verification


I, Nicholas Linko, verify that the statements contained in the complaint against the Defendant(s) are true and accurate to the best of my knowledge, understanding and belief.



_Nicholas Linko_          9/29/11
Nicholas Linko            Date



Piontek Law Office
951 Allentown Road
Lansdale, PA 19446

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7010 1870 0002 9571 4051

Legal Dept

11/11/2011

Capital One Financial corporation
1680 Capital One Drive
Mc Lean, VA 22102

U.S. POSTAGE
PAID
LANSDALE, PA
19446
SEP 30, 11
AMOUNT
$1.88
00027409-11

$5.15
00027409-11

22102

UNITED STATES
POSTAL SERVICE