IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS LINKO,

   Plaintiff,

  v.

CAPITAL ONE FINANCIAL
CORPORATION and CAPITAL ONE
BANK (USA), N.A.,

   Defendants.

Civil Action No. 3:11-cv-02021-ARC

A. Richard Caputo
United States District Judge

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants Capital One Bank (USA), N.A. and Capital One Financial Corporation (collectively, "Capital One") respectfully submit this brief in support of their motion to dismiss the complaint and state as follows:

### INTRODUCTION

The complaint sets forth a single claim against Capital One for violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Capital One failed to report to the credit reporting agencies that Plaintiff had disputed his Capital One credit card account. *See* Complaint at ¶¶ 8-37. More specifically, Plaintiff alleges that he disputed the Capital One account in writing directly with Capital One. *Id.* at ¶¶ 12-13. Plaintiff then disputed the account in writing with various credit reporting agencies. *Id.* at ¶ 18. One or more of the credit reporting agencies

contacted Capital One regarding Plaintiff's dispute.  *Id*. at ¶ 19.  Capital One

verified the account but failed to state that the account had been previously

disputed by Plaintiff.  *Id*. at ¶¶ 20-21.  Plaintiff alleges that Capital One's failure to

notify the credit reporting agency that Plaintiff had disputed the account constitutes

a violation of the FCRA.  *Id*. at ¶¶ 22-23.

The complaint does not set forth a claim upon which relief may be granted.

Plaintiff does not allege any facts suggesting that Capital One violated the FCRA

by failing to investigate his dispute or by conducting an inadequate investigation.

Rather, Plaintiff's complaint is solely that Capital One failed to report that his

account was disputed when it verified the account following a dispute submitted by

Plaintiff to the credit reporting agencies.  Plaintiff, however, does not allege facts

showing that he submitted a bona fide dispute regarding the Capital One account or

that Capital One's failure to mark his account as disputed rendered his credit

reports misleading as required for liability under the FCRA.

## STANDARD OF REVIEW

Relative to a district court's consideration of a Rule 12(b)(6) motion to

dismiss, the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.  Factual allegations must be enough to raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations,

footnotes and quotation marks omitted).  The Supreme Court further refined the

Rule 12(b)(6) standard in *Ashcroft v. Iqbal*, holding:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

129 S. Ct. 1937, 1949 (2009).

## ARGUMENT

**I.     The Controlling Provisions of the FCRA.**

As an alleged furnisher of information to credit reporting agencies, Capital

One's duties under the FCRA are set forth at 15 U.S.C. § 1681s-2(b).  In relevant

part, § 1681s-2(b) provides:

> (b) Duties of furnishers of information upon notice of dispute.
>
> > (1) In general.  After receiving notice pursuant to [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
> >
> > > (A) conduct an investigation with respect to the disputed information;
> > >
> > > (B) review all relevant information provided by the consumer reporting agency pursuant to [15 USCS § 1681i(a)(2)];
> > >
> > > (C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (noting that these duties "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)").[1]

Given this language, to succeed on a claim under § 1681s-2(b), "a plaintiff must prove:  (1) that she notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the

---

[1] A consumer may also dispute their account directly with a furnisher (as opposed to indirectly through the credit reporting agencies).  *See* 15 USC § 1681s-2(a)(8).  However, as Plaintiff acknowledges, no private cause of action exists for alleged violations of § 1681s-2(a).  *See* Compl. at ¶¶ 39-42; *see also Krajewski v. American Honda Finance Corp.*, 557 F.Supp.2d 596, 608 (E.D. Pa. 2008) ("However, there is no private right of action based on a furnisher's failure to comply with § 1681s-2(a); enforcement of these provisions is left to federal agencies.").  As such, Plaintiff's FCRA claim must be evaluated solely on the basis of his alleged dispute to the credit reporting agencies.

information failed to investigate, or rectify the disputed charge." *See Vassolotti v. Wells Fargo Bank, N.A.*, 732 F. Supp. 2d 503, 510 (E.D. Pa. 2010). Section 1681s-2(b) seeks to ensure that a proper investigation of a dispute is conducted such that a consumer's credit report contains complete and accurate information.

In this case, Plaintiff is not pursuing a traditional claim under § 1681s-2(b) in that Plaintiff is not alleging that Capital One failed to investigate his dispute or that Capital One's investigation was incomplete or inadequate. For example, there is no allegation that Capital One failed to respond to Plaintiff's direct dispute. In fact, the documents attached to the complaint establish that Capital One did respond to the dispute and Plaintiff was provided with the result of that investigation. *See e.g.*, January 18, 2011 letter from Capital One to Plaintiff. Plaintiff raises no issue with the sufficiency or results of that investigation.

As set forth below, Plaintiff is pursuing an interpretation of the FCRA which goes well beyond its statutory language.

## II.     Plaintiff Has Not Sufficiently Plead that Capital One Violated the FCRA by Failing to Mark the Account as Disputed.

Plaintiff's complaint is based on an erroneous assumption regarding the scope of a furnisher's duties under the FCRA. Plaintiff's position is that a furnisher is automatically and always liable under the FCRA if, after the plaintiff submitted a dispute to a credit reporting agency, the furnisher fails to report that a consumer had disputed the account. Plaintiff's position is not supported by the

plain language of the FCRA as that law does not impose any automatic duty on a furnisher to always report that a consumer had disputed the account.  As set forth above, the text of § 1681s-2(b) concerns itself with whether a furnisher conducts a sufficient investigation following the receipt of a dispute through the credit reporting agencies.

Plaintiff's position is contrary to common sense and would impose an unnecessary duty on furnishers of information.  Simply put, Plaintiff is advocating a rule which requires a furnisher to report an account is disputed to the credit reporting agencies.  However, in such cases, the credit reporting agencies would already be aware of the dispute because the consumer's dispute originated with the credit reporting agencies.  Plaintiff therefore seeks to require furnishers to report the fact of the dispute back to the consumer reporting agency from which the furnishers received notice of the dispute in the first place.

In a nearly identical case brought by the same attorney who represents Plaintiff in this case, this Court recently rejected Plaintiff's interpretation of the FCRA.  *See Reviello v. Capital One Financial Corp.*, 2011 U.S. Dist. LEXIS 119742 (M.D. Pa. October 17, 2011) (Caputo, J.).  As this Court held:

> [Plaintiff] claims that Capital One was also obligated to tell the consumer reporting agency that he was disputing the account when the agency contacted Capital One.  Such an obligation is not found in the language of the statute; it also simply does not make sense.  Why would Capital One, in being notified that there was a dispute about the account by the consumer reporting agency, be required to tell the

> agency it knew of the dispute beforehand?  Such a requirement is counterintuitive and would create a superfluous duty that would not further the purposes of the FCRA: to ensure the accurate reporting of credit information.

*Id*. at *5.

Looking beyond this Court's ruling in *Reviello*, there is no case law in the Third Circuit, or otherwise, that supports the broad interpretation of the FCRA sought by Plaintiff.  In limited circumstances, two Courts of Appeal have found a furnisher could potentially be held liable for failing to report an account was disputed by the consumer.  *See Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 151 (4th Cir. 2008); *Gorman*, 584 F.3d at 1163.  Both *Saunders* and *Gorman* found that a furnisher could be held liable for its "decision to continue reporting a disputed debt without any notation of the dispute." *Gorman*, 584 F.3d at 1162; *Saunders*, 526 F.3d at 149-150 (rejecting a furnisher's argument that it could never be held liable for reporting a debt without reporting its disputed nature).

However, neither ruling creates the blanket rule that Plaintiff relies upon in the complaint.  *Saunders* rejected a furnisher's argument that it was never required to report the presence of a consumer's dispute.  *Saunders*, 526 F.3d at 149-150.  In following *Saunders*, the *Gorman* court concluded the consumer in that case had presented sufficient facts such that the question of liability under the FCRA should be decided by the finder of fact.  *Gorman*, 584 F.3d at 1163-64.

Two concepts were central to both the *Saunders* and *Gorman* rulings.  First, both courts confirmed liability under the FCRA arises from the reporting of "incomplete or inaccurate" information.  See *Gorman*, 584 F.3d at 1163. Accordingly, the alleged omission by the furnisher must be "misleading in such a way and to such an extent that [it] can be expected to have an adverse effect."  *Id.*; *see also Shannon v. Equifax Info. Services, LLC*, 764 F. Supp. 2d 714, 722 (E.D. Pa. 2011) (indicating the court would examine whether the credit report was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.").

The second related concept is that the consumer's dispute must be bona fide and meritorious.  *See Gorman*, 584 F.3d at 1163 ("It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b)."); *Saunders*, 526 F.3d at 151 ("[W]e assume without deciding that a furnisher incurs liability under § 1681s-2(b) only if it fails to report a meritorious dispute.").

The complaint fails to allege any facts which would bring this case within the interpretation of the FCRA set forth in *Saunders* and *Gorman*. First, Plaintiff fails to allege facts showing that he submitted a bona fide or meritorious dispute regarding the Capital One account.  Second, Plaintiff fails to allege facts showing

that his credit reports are misleading as a result of Capital One's alleged failure to indicate that the account was disputed.

### A.   Plaintiff Fails to Allege the Existence of a Bona Fide or Meritorious Dispute.

Plaintiff does not provide any description of the substance of Plaintiff's dispute such that the dispute could be classified as meritorious or bona fide.

On its face, the dispute letter submitted by Plaintiff to Capital One is lacking in substantive, factual information. *See* January 11, 2011 letter from Plaintiff to Capital One.  That letter asserts that the "balance that your company claims against me is comprised largely of interest, finance charges, penalties and other fees not justified by any existing contract." *Id*.  This letter does not identify any disputed transactions and does not identify any specific aspect of the account which is incorrect.  The disputed submitted by Plaintiff to Capital One, therefore, is not a bona fide dispute as it does not provide the information required by the FCRA. *See* 15 U.S.C. § 1681s-2(a)(8)(D) (noting that a dispute submitted by a consumer to a furnisher should "identif[y] the specific information that is being disputed" and "explain the basis for the dispute.").

The vast majority of allegations in the complaint regarding the dispute letter are conclusory statements attesting to the "merits" of Plaintiff's dispute. *See e.g.*, Compl. at ¶ 15 ("Plaintiff's disputes with Defendant were bona fide legitimate disputes.").  The closest that Plaintiff comes to discussing the substance of his

dispute is in paragraph 12.  However, upon review, paragraph 12 is devoid of any

<u>factual</u> information regarding the substance of Plaintiff's dispute.  Paragraph 12

provides:

> Plaintiff disputed the alleged account(s) in writing with Defendant(s)
> in writing for a number of meritorious reasons.  Plaintiff's dispute
> called into question issues including but not limited to the following.
>
> a.  The amount of the alleged balance for the account.
>
> b.  Interest
>
> c.  Finance charges
>
> d.  Other fees
>
> e.  The existence or non-existence of a contract which justified the
>     balance interest, finance charges and other fees.

*See* Compl. at ¶ 12.

This paragraph tells the reader nothing of substance regarding the dispute.

While Plaintiff claims that he has "called into question" various aspects of the

account, Plaintiff never claims that the account is actually incorrect with respect to

those aspects.[2]  For example, Plaintiff never claims that Capital One was using an

incorrect interest rate or that a fee was charged when it should not have been

charged.

The central problem with the complaint is that the deficiencies of the dispute

letter submitted to Capital One cannot be cured after the fact.  Simply put, the letter

---

[2] Plaintiff's assertion that he has "called into question" the existence or non-existence of a
contract for the account is difficult to reconcile with his admission that he is not disputing the
existence of the account or that the account belonged to him.  *See* Compl. at ¶ 14.  Along the
same lines, Plaintiff repeatedly refers to the account as an "alleged account" notwithstanding his
admission that he does not dispute the account exists and belongs to him.  *Compare* Compl. at ¶
14 *with* Compl. at ¶¶ 18, 20, 21.

sent to Capital One was never an adequate dispute letter and no later descriptions of that letter can cure that initial fatal defect. *See* 15 U.S.C. § 1681s-2(a)(8)(D) (noting that a dispute submitted to a furnisher should "identify[y] the specific information that is being disputed" and "explain the basis for the dispute").

The substance of a consumer's dispute of paramount importance in a FCRA case because it is the dispute submitted by a consumer that determines the nature and scope of a furnisher's required investigation. *See Krajewski v. American Honda Finance Corp.*, 557 F. Supp. 2d 596, 610 (E.D. Pa. 2008) ("Whether a reinvestigation conducted by a furnisher in response to a consumer's notice of dispute is reasonable thus depends in large part on the allegations made by the consumer and the notice of the allegations provided to the furnisher by the consumer reporting agency."). Here, Plaintiff submitted a generic dispute statement that contained no substantive information. His dispute is not a bona fide or meritorious dispute such that Capital One was absolutely and unconditionally required to mark the account as disputed. As noted above, the documents attached to the complaint indicate that Plaintiff's dispute was investigated and the results of that investigation were reported back to him. *See e.g.*, January 18, 2011 letter from Capital One to Plaintiff.

An additional deficiency of the complaint is that Plaintiff has failed to identify or describe any dispute letter submitted to the credit reporting agencies. In

paragraph 18, Plaintiff claims that he disputed the account in writing with the

credit reporting agencies.  Plaintiff does not identify when this dispute was

submitted and does not identify the content of this alleged dispute.  Plaintiff

instead refers the reader to the "attached exhibits", but none of the exhibits

attached to the complaint reflect a dispute submitted to any credit reporting agency.

Rather, the documents attached to the complaint relate solely to the dispute letter

that Plaintiff sent directly to Capital One.  *See* January 11, 2011 letter from

Plaintiff to Capital One.

Because no private cause of action exists with respect to disputes submitted

directly to furnishers, Plaintiff's FRCA claim requires a valid dispute submitted to

the credit reporting agencies.  Here, Plaintiff has not alleged facts supporting an

essential element of a FCRA claim; namely, a dispute submitted to the credit

reporting agencies regarding the Capital One account.

**B.     Plaintiff Fails to Allege His Resulting Credit Reports Are Misleading.**

The complaint does not contain any facts showing that Capital One's failure

to report Plaintiff's account as disputed resulted in a credit report that is

"misleading in such a way and to such an extent that it can be expected to

adversely affect credit decisions."  *See Shannon*, 764 F.Supp.2d at 722.  Plaintiff

alleges no facts even suggesting that his credit reports are now misleading.

Plaintiff also does not identify a single mistake in Capital One's reporting of the

debt.  For example, Plaintiff never alleges:  1) that the account is invalid; 2) that

the account is not overdue; or 3) how the balance reported by Capital One is

incorrect.  Plaintiff, thus, never explains how the absence of a "disputed" notation

renders his credit report misleading in a material manner where Plaintiff does not

identify any substantive error in the reporting of the account.

In addition, there are no factual allegations suggesting that Capital One's

reporting of the account would be expected to have an adverse effect on Plaintiff's

ability to obtain credit.  For example, there are no allegations that Plaintiff has

sought and was denied credit from other sources as a result of the manner in which

the Capital One account was reported.  Plaintiff also fails to allege facts showing

that his credit report would be perceived differently if Capital One were to mark

the account as disputed.

Rather than including factual information regarding the perception of his

credit reports, Plaintiff relies on conclusory or generic statements devoid of factual

support.  For example, the complaint includes two similar paragraphs which parrot

language from the *Saunders* case, but which provide no factual support for the

conclusory statements made by Plaintiff.  *See* Compl. at ¶ 27, 31.  Such legal

conclusions are insufficient to state a valid cause of action following the *Twombly*

and *Iqbal* rulings.  *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

The other paragraphs in the complaint are likewise devoid of factual support for the proposition that Plaintiff's credit report is now misleading in a material way. For example, paragraph 30 states that a potential creditor "may well be curious as to why Plaintiff did not pay on the account." Whether or not this is true as a general proposition, it says nothing with respect to whether Plaintiff's credit report is now misleading as a result of Capital One's conduct.

Plaintiff's credit report can be misleading only if it is incomplete or incorrect. Plaintiff, however, has not identified a single inaccuracy in Capital One's reporting of the debt. Stated another way, there is no basis for concluding that Plaintiff's credit report is misleading where Plaintiff indicates he did not pay the debt, but has never identified any justification for his failure to do so. *See e.g.*, Compl. at ¶ 30 ("A potential creditor or employer may be influenced to learn that the non-paid account was in dispute, *thereby possibly warranting Plaintiff's non-payment* of the account.") (emphasis added).

## **CONCLUSION**

Plaintiff's dispute is bona fide only if there was something actually wrong with the account. A credit report that does not reference a dispute letter cannot be misleading where the letter did not provide any explanation for the consumer's

non-payment of the debt.  Ultimately, one must ask: If there was actually

something wrong with Capital One reporting of the account, why hasn't Plaintiff

simply identified that specific error?

The only conclusions that can be drawn from the dispute letter and the

complaint is that there was never anything incorrect in Capital One's reporting of

Plaintiff's account and that Plaintiff's generic dispute letter was not a bona fide

dispute which triggered any obligation under the FCRA on the part of Capital One.

The complaint, therefore, should be dismissed in its entirety.

Respectfully submitted,


Dated: November 7, 2011                     /s/ Kevin Batik
                                            Ronald Crouch
                                            Pa. Id. No. 35155
                                            Kevin Batik (admitted pro hac vice)
                                            Pa. Id. No. 89209
                                            McGuireWoods LLP
                                            625 Liberty Avenue, 23rd Floor
                                            Pittsburgh, PA  15222
                                            (412) 667-6000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the

foregoing document was served upon the following via notice delivered by the

Court's ECF filing system, on the 7th day of November 2011:


Vicki Piontek, Esq.
951 Allentown Road
Lansdale, PA 19446


/s/ Kevin Batik